**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3353-24

TRUESTONE IOWA
PARTNERS, LLC,

     Plaintiff–Respondent,

v.

SHMUEL HAIKINS and
BLIMI FRANKEL HAIKINS,

     Defendants-Appellants,

and

BLUE CARE HOMES, LLC, BLUE
HOME CARE INVESTMENTS, LLC,
CORNELL MANOR, LLC, BCH
OPERATIONS, LLC, RIDGEVIEW
EQUITIES, INC., SHMUEL FRENKEL,
YECHIEL FRENKEL, ARYEH
GRUNWALD, MOSHE NEIMAN,
ISAAC LABKOWSKY, ARINA
LABKOWSKY and YOSSI RUBIN,

     Defendants-Respondents.

Submitted June 15, 2026 – Decided July 8, 2026

Before Judges Sabatino and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-0779-23.

Law Offices of Jan Meyer & Associates, PC, attorneys for appellants (Jan Meyer and Jonathan L. Leitman, on the briefs).

Sherman, Silverstein, Kohl, Rose & Podolsky, attorneys for respondent Truestone Iowa Partners, LLC (Jeffery P. Resnick and Laura C. Laszewski, on the brief).

PER CURIAM

In this complicated business dispute, defendants Shmuel Haikins ("Haikins") and his wife, Chana Blima Frenkel ("Frenkel"), appeal the trial court's respective orders denying their motions: (1) to vacate, under Rule 4:50-1, a $4,299,155.09 default judgment obtained against them by plaintiff TrueStone Iowa Partners, LLC ("TrueStone"), an investor in the husband's former nursing home business; (2) to dismiss Frenkel as codefendant; and (3) for reconsideration.

For the reasons that follow, we vacate the order denying defendants relief under Rule 4:50-1 and remand the case for an evidentiary hearing to resolve disputed facts bearing upon their claims for relief. In addition, the trial court on remand must address defendants' invocation of subsections (c) and (f) of that

2

Rule, which it had not addressed in its prior rulings. However, we affirm the court's denial of Frenkel's dismissal motion, but without prejudice to future developments in the case.

We need not detail here the intricate facts and circumstances underpinning this business dispute. It suffices to say for our purposes TrueStone alleges it invested funds into nursing home ventures operated or owned by Haikins, and after those ventures sustained financial difficulties, TrueStone was owed money.

TrueStone filed this civil action in the Law Division in April 2023 against Haikins, Frenkel, and several other individual defendants.[1] The complaint asserted multiple legal theories of recovery. Service of process was made on defendants Haikins and Frenkel[2] that same day.

---

[1] TrueStone eventually dismissed its claims against the other individual defendants, all "without prejudice," except for Yossi Rubin, who was dismissed with prejudice. We recognize that we could dismiss the appeal on jurisdictional grounds as interlocutory, as there is no final disposition as to all parties and all issues. See R. 2:2-3; Grow Co. v. Choksi, 403 N.J. Super. 443, 460 (App. Div. 2008). Nevertheless, since the other defendants have not participated in the litigation and this appeal, and the matter must be remanded anyway, we grant leave to appeal, sua sponte, in the interests of expediency.

[2] For ease of discussion, we henceforth refer to Haikins and Frenkel as "defendants," unless the context otherwise indicates.

A-3353-24

On May 5, 2023, Haikins, who was then not yet represented by counsel, contacted plaintiff's attorney and requested an extension of time for him and Frenkel to respond to the complaint. Two days later, plaintiff's counsel informed Haikins that his client would not agree to any extension for defendants to file a responsive pleading.

Defendants did not file an answer to the complaint, and defaults were entered by the court against them on May 10, 2023.

As detailed in a certification he filed in connection with the motion practice, Haikins claims that he and his accountant, Shulem Rosenbaum, cooperated, at least to some extent, during the summer of 2023 in a review of defendants' financial materials conducted with plaintiff's forensic accountant, Elliot Saad. Additionally, Haikins asserts, in June 2023, plaintiff's counsel communicated to Haikins through defendants' accountant Saad that plaintiff "was not looking to aggressively pursue . . . claim[s] against [him]," and that, instead of retaining counsel, the best course of action in plaintiff's counsel's view was for Haikins to be transparent and send "further financial information to [p]laintiff."

After receiving no response from defendants to the complaint, plaintiff filed a request on September 17, 2024, for entry of default judgment against both

4

defendants in the liquidated amount of $4,298,283.57.  However, the court apparently denied plaintiff's request, as more than six months had elapsed since the original entry of default.  See R. 1:13-7.  Plaintiff then moved to reopen the case against defendants on October 9, 2024.  The court reinstated the complaint two weeks later, on October 23, 2024.

According to Haikins's certification, soon thereafter in late October 2024, plaintiff's counsel allegedly once again communicated to Haikins, through defendants' accountant, that it would be a "bad idea" for defendants to obtain legal counsel in the ongoing dispute, "as it would upset his clients, [who] would then be more aggressive in enforcing the default and collecting on a potential judgment."

Plaintiff's counsel filed an opposing certification dated May 1, 2025.  In that certification, the attorney denied Haikins's claims of false assurances and misrepresentations about the lack of need to respond to the lawsuit.

> 17.  Haikins['s c]ertification either infers or explicitly states that throughout this process I encouraged him not to get counsel, and indicated that I would not be pursuing a court case against him.  None of these things are true.
>
> 18.  At no time did I tell Haikins, directly or through [defendants' accountant], not to get counsel.  I also did not tell defendants, directly or through [their

accountant], that plaintiff was not interested in pursuing the case against defendants.

Plaintiff filed an additional request to enter default judgment against defendants on November 13, 2024. On that same day, the court entered a final default judgment against defendants in the amount of $4,299,155.09. On December 3, 2024, plaintiff served defendants with notice of the judgment and an information subpoena.

When its information subpoena received no response from defendants, plaintiff next moved to enforce litigant's rights approximately three months later on March 19, 2025. The following month, defendants moved on April 23, 2025, to vacate the default judgment against them. The motion was filed with the representation of counsel, and since that time defendants have been represented in the trial court and on this appeal. Defendants' motion was grounded under three alternative provisions of Rule 4:50-1: subsection (a) ("excusable neglect"), subsection (c) ("misrepresentation"), and subsection (f) (the "catch-all" provision). Plaintiff opposed the motion, relying on the aforementioned certification of its attorney.

Oral argument on defendants' motion to vacate the default judgment was conducted on May 9, 2025. No testimony was presented or invited by the court. In an oral decision from the bench, the court denied defendants' motion under

6

subsection (a), finding there was no showing of "excusable neglect" or any "meritorious defense" raised by either defendant. In its brief oral ruling, the court mentioned the fact that plaintiff might be prejudiced in having voluntarily dismissed other defendants. A corresponding order was issued that same day.

On May 29, 2025, defendants each moved to reconsider the denial of the motion to vacate. In addition, Frenkel moved to dismiss the complaint against her, contending that she was not involved in her spouse's business dealings with TrueStone. Plaintiff opposed the motions.

After hearing oral argument on June 19, 2025, the court denied defendants' application. The court reiterated its perception that Haikins, as an experienced businessperson, should have recognized his need to file a response to the complaint despite the alleged assurances made by plaintiff's representatives. The court also declined to dismiss Frenkel as a codefendant on the judgment. Corresponding orders were issued later that same day without any further elaboration of the court's reasoning.

On their present appeal, defendants argue the trial court misapplied Rule 4:50-1 in denying them relief. They contend that they did present competent evidence of excusable neglect under subsection (a) through Haikins's certification. They also point out that the court never addressed their alternative

claims for relief under subsections (c) and (f) of the Rule. Defendants further assert that, at the very least, the court should conduct an evidentiary hearing with testimony to resolve the disputed facts presented in the conflicting certifications. Lastly, defendants once again urge that Frenkel be dismissed from the case entirely.

The various subsections of Rule 4:50-1 as mechanisms to obtain relief from a judgment are well known, and we need not recite them here. We note only that, regarding timeliness, Rule 4:50-2 provides, for a motion brought under subsections (a), (b) or (c) of Rule 4:50-1, the defendant must file the motion within one year of the entry of the challenged order. Here, defendants filed their motions invoking in part subsections (a) and (c) well within that one-year outer limit. Moreover, it is evident from the record under the subsection (f) catch-all, defendants' motion was filed within the requisite "reasonable time."

We ordinarily apply deference to trial courts in their rulings to grant or deny relief under Rule 4:50-1. Romero v. Gold Star Distrib., L.L.C., 468 N.J. Super. 274, 293 (App. Div. 2021); see also Coryell, L.L.C. v. Curry, 391 N.J. Super. 72, 79 (App. Div. 2006). Where, as here, the motion is one to vacate a judgment obtained by default, our courts generally view such applications "'with great liberality.'" Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting

Ass'n, 132 N.J. 330, 334 (1993) (quoting Marder v. Realty Constr. Co., 84 N.J. Super. 313, 319 (App. Div. 1964)).  We also must bear in mind principles of equity, see MTAG v. Tao Invs., L.L.C., 476 N.J. Super. 324, 333 (App. Div. 2023), as well as the general principle that cases, where possible, are best resolved on their merits rather than based on procedural defects, Alpha Beauty Distribs., Inc. v. Winn-Dixie Stores, Inc., 425 N.J. Super. 94, 102 (App. Div. 2012); see also Ragusa v. Lau, 119 N.J. 276, 284 (1990).

Applying these principles, we are persuaded that the trial court's order denying relief under Rule 4:50-1 should be vacated without prejudice, and the matter should be remanded.  That prudent course of action is warranted for several important reasons.

First, the court should not have resolved the factual issues concerning excusable neglect based on the conflicting certifications.  See Pami Realty, L.L.C. v. Locations XIX Inc., 468 N.J. Super. 546, 559 (App. Div. 2021); Conforti v. Guliadis, 245 N.J. Super. 561, 565 (App. Div. 1991).  We remand for an evidentiary hearing to explore and resolve those disputed facts, with testimony to be elicited from the parties and perhaps also their counsel (subject to RPC 3.7), their respective accountants, and any other pertinent fact witnesses.

9

Second, the trial court is required to make explicit findings under Rule 4:50-1 subsections (c) and (f), which can furnish an independent basis for relief even if the court ultimately denies defendants relief under subsection (a).

Third, the court should not place undue reliance on the fact that plaintiff chose to dismiss the various codefendants, and should ascertain the feasibility of whether the without-prejudice dismissals can be reinstated on motion by plaintiff.

Fourth, in reassessing this matter on remand, the court should bear in mind the interests of justice, the policies favoring merit-based adjudication, the considerable size of the nearly $4.3 million judgment, and defendants' vigilant efforts to move for relief within one year of the entry of that judgment against them. That said, we intimate no views on the proper outcome of the case on remand.

Lastly, we affirm, but without prejudice to the future course of the case, the existing decision not to dismiss Frenkel from the case and remove her name from the judgment. It is premature to ascertain with finality if she had no involvement in the dispute or whether there has been a commingling of assets or any concerning transfer of them.

10

Affirmed in part, vacated in part, and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M. C. Hawley

Clerk of the Appellate Division